UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORI FERNANDEZ AND MATTHEW
FERNANDEZ                          CIVIL ACTION

VERSUS                                  NUMBER 14-197-SDD-SCR

USAA CASUALTY INSURANCE
COMPANY

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 10, 2014.

                                  /s/ Stephen C. Riedlinger
                                  STEPHEN C. RIEDLINGER
                                  UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LORI FERNANDEZ AND MATTHEW
FERNANDEZ                                            CIVIL ACTION

VERSUS                                               NUMBER 14-197-SDD-SCR

USAA CASUALTY INSURANCE
COMPANY

**MAGISTRATE JUDGE'S REPORT**

Before the court is a Motion to Remand filed by plaintiffs Lori Fernandez and Matthew Fernandez. Record document number 3. No opposition has been filed.

Plaintiffs filed a Petition for Damages in state court against defendant USAA Casualty Insurance Company, which the plaintiffs alleged had issued a policy that provided them uninsured and underinsured motorist coverage. Plaintiffs alleged that the defendant was liable to them for payment of damages because their vehicle was struck in the rear by an uninsured/underinsured driver, and as a result they suffered damages.[1] Plaintiffs alleged further that they provided the defendant sufficient and adequate proof of their damages as well as the insufficiency of the available liability insurance, but the defendant failed to fulfill its duty to make a satisfactory and complete good faith tender of the amounts due under the policy. Plaintiffs claimed "such damages as

---

[1] Plaintiff Matthew Fernandez alleged that he suffered damages based on loss of consortium.

are just and reasonable in the premises for all elements of damage allowed by Louisiana law and proven at the trial of this matter.[2]

Defendant removed the case based on diversity jurisdiction under 28 U.S.C. § 1332(a). Defendant satisfactorily alleged its citizenship and that of the plaintiffs to establish diversity. With regard to the amount in controversy, the defendant simply stated that the "amount in controversy exceeds the sum of $75,000, exclusive of interest and costs."[3]

Plaintiffs moved to remand and argued that neither of their claims satisfies the required amount in controversy. In support of the Motion to Remand the plaintiffs submitted a Jurisdictional Stipulation, which states that the "total amount of damages in this case for each plaintiff does not exceed the sum of $75,000, exclusive of interests and court costs.[4] Plaintiffs also prayed that all costs associated with the motion be assessed against the defendant

Based on the applicable law and the analysis that follows, the plaintiffs' Motion to Remand should be granted.

**Applicable Law**

It is well settled that when faced with a motion to remand,

---

[2] Record document number 1-2, Petition for Damages, ¶¶ 3-9.

[3] Record document number 1, Notice of Removal, ¶ 2-5.

[4] Record document number 3-2. The Jurisdictional Stipulation is not signed by either plaintiff. It is signed only by their counsel.

the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335, *rhrg. denied*, 70 F.3d 26 (5th Cir. 1995).

If a case is removed based on diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). However, if the state practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded, removal is proper if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A)-(B). This is the case in Louisiana - plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages.[5] Therefore, in the Fifth Circuit for cases removed from Louisiana courts, the established framework for resolving disputes over the amount in controversy is as follows. The removing defendant must show, by a preponderance of the evidence, that the jurisdictional amount is satisfied in one

---

[5] Louisiana Code of Civil Procedure Article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required."
   The absence of such an allegation is not determinative and is considered in light of other evidence. *See*, *Weber v. Stevenson*, 2007 WL 4441261 *2 (M.D. La. Dec. 14, 2007); *Joseph v. State Farm Mut. Auto. Co.*, 2011 WL 2899127 (E.D. La., July 18, 2011).

of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or, (2) by setting forth facts - preferably in the removal petition, but sometimes by affidavit – which support finding that the required amount is present. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000); *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).[6]

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.; Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy if the basis for jurisdiction is

---

[6] *See, Washington-Thomas v. Dial America Marketing, Inc.*, 2012 WL 5287043 (W.D. Tex. Oct. 23, 2012); *Firmin v. Richard Const., Inc.*, 2012 WL 5332998 (E.D. La. Oct. 26, 2012) (new provision of § 1446(c)(2) of the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub.L. No. 112-63, 125 Stat. 758 (2011), is consistent with the Fifth Circuit approach in requiring that the removing defendant prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 when plaintiffs do not request a specific amount in damages).

4

ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

## Analysis

Defendant's Notice of Removal properly alleged the citizenship of the parties. Based on these allegations the requirement of complete diversity under § 1332(a) is satisfied.[7] With regard to the amount in controversy, however, it is not facially apparent from the allegations in the plaintiffs' petition, and the defendant did not present any other facts to show that the value of either plaintiff's claim exceeds $75,000, exclusive of interest and costs.

Plaintiffs' petition lacks an Article 893(A)(1) allegation. Other than this there is nothing in the plaintiffs' petition to indicate the value of the plaintiffs' claims. Neither the petition nor the Notice of Removal has any allegations about the policy coverage or its limits. Allegations describing any specific damages, or the nature and extent of the injuries suffered by the plaintiffs are totally absent from the petition. Interpreting the petition to include penalties and attorney fees under state law

---

[7] Record document number 1, Notice of Removal, ¶¶ 7-9.

insurance statutes also would not support a finding that the required amount is present. Without any information about the plaintiffs' damages, the maximum penalty that could be recovered under LSA-R.S. 22:1973(C) is $5,000, and the highest value that could be attributed for penalties under LSA-R.S. 22:1892(B)(1) is $1,000.

In summary, it is not facially apparent from the petition that the claims against the defendant alleged by plaintiffs Lori or Matthew Fernandez likely exceed $75,000, exclusive of interest and costs.[8] Defendant failed to meet its burden of showing by a preponderance of the evidence that the jurisdictional amount is satisfied.

Insofar as the plaintiffs asked that costs be assessed against the defendant, the court interprets this to mean taxable costs, such as the filing fee (which was paid by the defendant), rather than "costs and any actual expenses, including attorney's fees, incurred as a result of the removal," as provided by 28 U.S.C. § 1447(c). Although the plaintiffs' cited § 1447(c), they did not address the factors the court must consider in determining whether

---

[8] Because the defendants failed to establish that the jurisdictional amount is met by demonstrating the amount is facially apparent or setting forth any facts, it is unnecessary to consider the Jurisdictional Stipulation filed with the plaintiffs' motion. The court notes however, that the plaintiffs' recovery in state court would not be limited by state law to $75,000 or less by such a stipulation. First, it was signed only by counsel and not the plaintiffs. Moreover, the language used did not affirmatively waive either plaintiff's right to obtain or accept a judgment in excess of the purportedly stipulated amount.

6

to assess costs, nor did the plaintiffs submit anything to support an award of costs.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Motion to Remand filed by the plaintiffs Lori and Matthew Fernandez be granted.

Baton Rouge, Louisiana, June 10, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE